# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## OPHELIA CARNEY v. SANTANDER CONSUMER USA

**Appeal from the Circuit Court for Madison County**
**No. C14217     Kyle Atkins, Judge**

---

**No. W2014-02228-COA-R3-CV - Filed March 9, 2015**

---

The order appealed is not a final judgment, and therefore, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

BRANDON O. GIBSON, J., J. STEVEN STAFFORD, P.J., W.S., AND KENNY ARMSTRONG, J.

Ophelia Carney, *Pro se.*

Kannon C. Conway, Memphis, Tennessee, for the appellee, Santander Consumer USA, Inc.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones**,* 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

have jurisdiction. Specifically, Appellee Santander Consumer USA filed a "Petition for Writ of Certiorari from Void Judgment in General Sessions Court and Motion for Temporary Restraining Order Enjoining Enforcement of Void Judgment" in the trial court on August 22, 2014. The trial court entered an order on August 29, 2014, granting the petition for writ of certiorari and finding that the General Sessions Court's July 21, 2014 Order granting default against Santander Consumer USA was void and should be set aside. Appellant Ophelia Carney filed a motion to reconsider on September 3, 2014. Appellee filed its Motion for More Definite Statement on September 19, 2014. Appellant then filed a motion styled "Motion to Vacate Previous Order Due to Violation of Article 4, Section 10 of the Tennessee Constitution, Thus the Court had no Jurisdiction Subject Matter to Hear Writ of Certiorari" on September 22, 2014.

The trial court entered an order on October 28, 2014, granting Appellee's Motion for More Definite Statement and denying Appellant's motions. Appellant filed a Notice of Appeal of the October 28, 2014 order on October 30, 2014. There is nothing in the record, however, indicating that the Circuit Court has adjudicated any of the claims in Appellant's original General Sessions civil warrant.

By Order entered on February 3, 2015, the Court directed Appellant to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment, within fifteen (15) days of that Order. Appellant filed a response to our Order on February 6, 2015, wherein Appellant asserts that this appeal is properly before this Court.

Because it does not appear that all the claims have been adjudicated, this Court could only have jurisdiction to hear this matter if permission to appeal has been granted or if the order appealed has been made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. The record does not reflect, however, that permission to appeal has been granted or that the order appealed was made final pursuant to Rule 54.02. The order appealed is clearly not a final judgment and therefore, this Court does not have jurisdiction. Consequently, we must dismiss this appeal.

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Ophelia Carney, for which execution may issue if necessary.

**PER CURIAM**